## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COOKEVILLE DIVISION

| | | |
|---|---|---|
| **ANDREW SCOTT RODRIGUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 2:08-cv-124** |
| | ) | **Judge Trauger** |
| **STRYKER CORPORATION, et al.,** | ) | **Magistrate Judge Bryant** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### AGREED PROTECTIVE ORDER

Having come before the Court by agreement of the Defendants, Stryker Corporation and Stryker Sales Corporation and the Plaintiff, Andrew Scott Rodriguez, the Court finds that good cause exists for the entry of this Agreed Protective Order in that the preparation and trial of this action will require the discovery of documents, testimony, information, or things claimed by one or more of the parties to contain confidential business or commercial information, and the ends of justice will be served by entry of an order setting forth procedures for and rules governing discovery, copying, use and return of documents, deposition transcripts, interrogatory answers and other materials.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     As used in this Order, the term "Confidential Discovery Material" means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** or **"Trade Secret"** pursuant to the terms of this Order.  The term "documents" as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type.

**EXHIBIT**

2.    Any person subject to this Order who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

3.    Documents or other discovery material may be designated as **"Confidential"** or **"Trade Secret"** only to the extent that it consists of or includes trade secret or confidential research, development, competitive, proprietary or commercial information, including, but not limited to, financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information given confidential status by the Court.

4.    Confidential information includes information that would identify patients and persons associated with adverse events involving human drugs (excluding Plaintiff(s)), and research subjects.  *See* 21 C.F.R. § 314.430 and  21 C.F.R. § 20.63.  Defendants shall not be compelled to disclose this identifying information and may redact this identifying information from discovery material before production, provided, however, that such defendant shall maintain an un-redacted copy of such discovery material for any further review by the Court.

5.    With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the Producing Party may designate the document as Confidential Discovery Material by stamping or otherwise clearly marking the document  as **"Confidential"** or **"Trade Secret"** in such a manner that will not interfere with legibility or audibility.

6.    To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on

-2-

any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes ("Electronic Discovery Material") is produced in such form, a party or third-party producing such Electronic Discovery Material may designate it as confidential by cover letter referring generally to the Electronic Discovery Material, or by designation in the accompanying load file. Whenever a party or other person subject to this Order to whom confidential Electronic Discovery Material is produced reduces the confidential Electronic Discovery Material to hardcopy or image form, that party or other person shall mark each page of the hardcopy or image form with the **"CONFIDENTIAL"** designation.

7.    With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question or answer shall be bound in a separate volume and marked **"Confidential"** by the court reporter. Alternatively, the party may designate information disclosed at deposition as confidential by notifying the other party(ies) in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated confidential. During such thirty (30) day period, the entire transcript shall be treated as confidential. For convenience, the parties may agree that entire deposition transcripts shall be treated as Confidential Discovery Material.

8.    Third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Order as if they had stipulated to it at the time of entry. Such third parties must state their agreement to be bound by this Order in writing.

9.    Documents and information produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production, in order to allow

-3-

the parties to review and assess the documents and information for confidentiality and designation.

10.    If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this Order. Upon receipt of such designation in writing, the parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of such Confidential Discovery Material about the protected status of that Material and shall retrieve the newly designated Confidential Discovery Material from any person who is not permitted by this Order to have such material.

11.    Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party notifies the Receiving Party in writing when it becomes aware of such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the Producing Party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all. Any party or individual having inadvertently received privileged or protected information need not wait for notice from the Producing Party before complying with the above and is expected to comply with the requirements of paragraph 11 as soon as it is known or should be known that the document and information contained therein is

-4-

privileged and/or protected. The parties shall have the benefit of all limitations on waiver afforded by Federal Rule of Evidence 502. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

12. No person subject to this Order other than the party designating material as Confidential Discovery Material shall disclose such material to any other person, except as follows:

    (a)    Counsel for the parties in this action, including any paralegal, clerical, and other staff employed by counsel for work on this action;

    (b)    With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

    (c)    Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order. However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged, or may reasonably be expected to be engaged in the future, in the research, development, manufacture or sale of any product that competes with or is similar to the Stryker Pain Pump, the party seeking the testimony must also first receive written consent of counsel for the party disclosing the Confidential Discovery Material, or obtain an order from the Court permitting the disclosure to said witness;

(d)     Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e)     Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

(f)     Official court reporters; and

(g)     The court, mediators, and support personnel.

13.     Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 12 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit 1 hereto.  The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms.  All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them.  At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this Order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

14.     Any party wishing to file any Confidential Discovery Material with the Court, including any portion of a court paper that discloses confidential discovery material, shall file a motion to have the Confidential Discovery Material filed under seal and shall otherwise comply with applicable Federal Rules of Civil Procedure and the rules and procedures of this Court.  When filing the motion, the filing party will cite to the Court the grounds for filing the Confidential Discovery Material under seal.  The parties agree that any motion will be narrow in

-6-

scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

15.     Any party objecting to the designation of any material as Confidential Discovery Material may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection. Only good-faith, litigation-driven objections to a designation may be made.  If agreement cannot promptly be reached, the dispute will be submitted to the Court pursuant to the Court's ordinary procedures for handling discovery disputes, and the party seeking to challenge the designation shall bear the initial burden of demonstrating that the challenge is made in good faith and is litigation-driven. Until a dispute is resolved, the material designated as "Confidential Discovery Material" shall remain and be treated as Confidential Discovery Material pursuant to this Order.

16.     Each person who has access to Confidential Discovery Material shall take all necessary precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     This Order shall survive the termination of this action.  Within 30 days of the final disposition of this action, which includes the conclusion of any and all appeals, all Confidential Discovery Material, and all copies (including those in electronic format), shall promptly be returned to the Producing Party or, with the permission of the Producing Party, be destroyed. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

18.     The Court shall retain jurisdiction over all persons and parties subject to this Order to the extent necessary to modify this Order, enforce its obligations, or to impose sanctions for any violation.

19.     Nothing in this Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

20.     Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure.  Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this Order as if the party had stipulated to it at the time of entry.  No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this Order.

21.     The defendants may designate any documents or other discovery material as **"Trade Secret"** by stamping or otherwise clearly marking as **"Trade Secret"** the protected material in a manner that will not interfere with the legibility or audibility.  Any discovery material designated as **"Trade Secret"** shall be treated in all respects as Confidential Discovery Material.  With respect to the manufacturers and distributors of the pain pumps, the trade secret discovery material shall only be produced to counsel (including in-house counsel) as defined in paragraph 12(a) and not any other employees of those parties.  The purpose of this paragraph is to prevent manufacturers and distributors of pain pumps from having access to the other's trade secret discovery material, except as needed by counsel defending this action.

22.     This Order shall not apply to, or restrict Confidential Discovery Material used at the time of trial as evidence.  Protection of Confidential Discovery Material at trial may be addressed by the Court as a separate matter upon the motion of any party.  The provisions of this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial.

23.     This Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA").  Any identifiable health information shall be

automatically deemed **"Confidential"** and shall be treated as Confidential Discovery Material under the terms of this Order, without being stamped as **"Confidential"** by the producing party. Nothing in this Order shall prevent a party from objecting that documents do not contain individually identifiable health information, or are not otherwise subject to the requirements of HIPAA. In addition to the other requirements of this Order, such documents shall be used solely for the purpose of pursuing, defending, or resolving this litigation and shall be returned to the producing party, or if the information pertains to a plaintiff, then it shall be returned only to that plaintiff's counsel, including all copies or duplicates, within 30 days of final resolution of this litigation.

DATE:  10/19/2009

ALETA A. TRAUGER
U.S. DISTRICT JUDGE

## ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER

I, _____, acknowledge that I have read and understand the Agreed Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Trade Secret, or contain individually identifiable health information.  I agree that I will not disclose such Discovery Material to anyone except as expressly permitted by the Protective Order and only for purposes of this action, and that at the conclusion of the action I will return all such Discovery Material to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Middle Tennessee for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated this _____ day of _____, 2009.

_____

**BY:**

*s/ Richard E. Mrazik* with permission by Donna Roberts
PARSONS BEHLE & LATIMER
Charles H. Thronson
James T. Blanch
John P. Ball
Richard E. Mrazik
201 So. Main Street, Ste. 1800
Salt Lake City, Utah 84105
RMrazik@parsonsbehle.com
*Admitted pro hac vice*
*Attorney for Plaintiff*


*s/ Donna L. Roberts*
Stephen H. Price
Donna L. Roberts
Stites & Harbison, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 244-5200
Stephen.price@stites.com
Donna.roberts@stites.com


Robert M. Connolly
Stites & Harbison, PLLC
400 W. Market Street
Suite 1800
Louisville, KY 40202
(502) 681-0424
rconnolly@stites.com
*Admitted pro hac vice*
*Attorneys for Defendants Stryker Corporation and Stryker Sales Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2009, the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Timothy A. Priest, Esq.
Adam M. Priest, Esq.
PRYOR, FLYNN, PRIEST & HARBER
Two Centre Square
625 Gay Street, Suite 600
Knoxville, TN 37902
E-mail: ampriest@pfph-law.com
*Attorneys for Plaintiff*

Charles H. Thronson, Esq.
James T. Blanch, Esq.
John P. Ball, Esq.
Richard E. Mrazik, Esq.
PARSONS, BEHLE & LATIMER
One Utah Center, Suite 1800
201 S. Main Street
Salt Lake City, UT 84111
E-mail: RMrazik@parsonsbehle.com
*Attorneys for Plaintiff*

*s/ Donna L. Roberts*
Donna L. Roberts

.

825461:3:NASHVILLE

**12**