IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| ANDREW SCOTT RODRIGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STRYKER CORPORATION, a Michigan ) <br> corporation; STRYKER SALES ) <br> CORPORATION, a Michigan corporation ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:08-cv-124 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Bryant |

## [PROPOSED] FURTHER AMENDED CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the Further Amended Case Management Order is entered as follows:

**A.  JURISDICTION:** This Court has jurisdiction over the claims and defenses asserted in this case pursuant to 28 U.S.C. § 1332.

**B.  THEORIES OF THE PARTIES:**

**(1)  PLAINTIFF'S THEORY**

This lawsuit is a products liability action. Defendants designed, manufactured, marketed, distributed, and sold a device known as a "pain pump," which is a medical device intended to deliver, via catheter, a continuous dose of pain medication directly into the operative site immediately following orthopedic surgery on joints such as the shoulder. Plaintiff has undergone three surgeries after which the catheter of one of Defendants' pain pumps was inserted into Plaintiff's right shoulder. Following those surgeries, Plaintiff developed severe cartilage degeneration in his right shoulder. Plaintiff

alleges that Defendants defectively and negligently designed, manufactured, and marketed their pain pumps, and contends that Defendants' pain pumps are the proximate cause of the degeneration of the cartilage in Plaintiff's right shoulder.

### (2) STRYKER DEFENDANTS' THEORY

Defendants Stryker Corporation and Stryker Sales Corporation ("Stryker") denies any liability in this case. Stryker Corporation designed and manufactured a product called a "pain pump." Stryker Sales Corporation sold pain pumps. Stryker pain pumps are intended to deliver, via catheter, continuous and rate-controlled amounts of pain medication for post-surgical pain management. The pain pumps are designed and intended to be used with local anesthetics as prescribed by physicians. The use of the pain pump including which medications are to be used and at what dosage, is a decision made by the prescribing physician.

Stryker asserts that its pain pumps were not and are not defective or unreasonably dangerous. The labeling materials and product inserts for Stryker's pain pumps contained proper and adequate warnings. Stryker denies that it was negligent or that its pain pumps were in any way defective in manufacture or design. Stryker further denies that it knowingly and intentionally made any false or fraudulent representations to Plaintiff, any physicians, or the public at large regarding its pain pumps. Stryker specifically asserts that none of Plaintiff's alleged injuries were caused by a Stryker pain pump or by any of it or by any conduct of Stryker.

Stryker intends that this synopsis only provides a brief overview of the relevant defenses to be raised by Stryker. Additional assertions and defenses raised by Stryker in its pleadings are hereby incorporated by reference.

C.  **ISSUES RESOLVED:**  Jurisdiction and venue.

D.  **ISSUES STILL IN DISPUTE:**  Liability and damages.

E.  **INITIAL DISCLOSURE:**  The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **April 27, 2009**.

F.  **DISCOVERY:**  The parties shall complete all written discovery and depose all fact witnesses on or before August 16, 2010.  Discovery is not stayed during dispositive motions, unless ordered by the court.  Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G.  **JOINDER OF PARTIES AND MOTIONS TO AMEND:**  The parties shall be allowed until January 29, 2020, to file motions to join additional parties and until June 1, 2010 to file motions to amend the pleadings.

H.  **DISCLOSURE OF EXPERTS:**  The plaintiff shall identify and disclose all expert witnesses and expert reports on or before August 16, 2010.  The defendants shall identify and disclose all expert witnesses and reports on or before September 20, 1010.  Rebuttal experts and expert reports, if any, shall be disclosed on or before October 11, 2010.

I.  **DEPOSITIONS OF EXPERT WITNESSES:**  The parties shall depose all expert witnesses on or before October 29, 2010.

J.  **JOINT MEDIATION REPORT:**  The parties shall submit a joint mediation report on or before August 16, 2010.

- 3 -
ST314:0ST53:859220:1:NASHVILLE
Case 2:08-cv-00124   Document 84   Filed 07/02/10   Page 3 of 4 PageID #: 392

**K.	DISPOSITIVE MOTIONS:**  The parties shall file all dispositive motions on or before November 1, 2010.  Responses to dispositive motions shall be filed within twenty (20) days after service.  Original replies shall be filed within ten (10) days after service of the response.  Briefs shall not exceed 20 pages.  No motion for partial summary judgment shall be filed except upon leave of court.  any party wishing to file such a motion shall first file a separate motion that gives justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the court.

**L.	ELECTRONIC DISCOVERY:**  Discovery of electronically stored information will be handled separately, the terms of which will be negotiated by the parties in good faith.  On or before May 18, 2009, the parties shall file a supplement to this Initial Case Management Order stating whether they have reached an agreement on how to conduct electronic discovery.  In the absence of such an agreement, the default standards of Administrative Order No. 174 shall apply.

**M.	ESTIMATED TRIAL TIME:**  The parties expect the trial to last approximately fifteen (15) days.

It is so ORDERED.

Entered this the 2nd day of July, 2010

_____
ALETA A. TRAUGER, U.S. DISTRICT JUDGE