UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| ANDREW SCOTT RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08–0124 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| STRYKER CORPORATION and STRYKER | ) | |
| SALES CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Pending before the court is a Motion to Alter or Amend Judgment filed by the plaintiff Andrew Scott Rodriguez (Docket No. 186), to which the defendants Stryker Corporation and Stryker Sales Corporation have responded (Docket No. 190).[1]  For the reasons discussed herein, this motion will be denied.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2011, the court granted the defendant's Motion for Summary Judgment and dismissed this products liability case.  (Docket No. 184.)  In so doing, the court found that, as a matter of law, the defendant did not have constructive knowledge at the time of the plaintiff's November 2004 shoulder surgery that its pain pump (used following the plaintiff's surgery) could cause chondrolysis, which is the rare condition that the plaintiff maintains now causes his severe shoulder pain.  (Docket No. 183 at 14-19.)  In light of this conclusion, the court held that the

---

[1]While there are technically two defendants, throughout the briefing, they have been collectively referred to as "Stryker," and, for purposes of convenience, the court will refer to "Stryker" as the "defendant."

plaintiff could not sustain his strict liability, negligence, or implied warranty claims. (*Id.* at 14-21.)

The court also concluded that, based on the testimony of the plaintiff's treating physician, Dr. Kuhn, there was "nothing to suggest that Stryker's conduct had any bearing on Dr. Kuhn's decision to use the pain pump one way or the other, and, therefore, the plaintiff's negligence claim" failed on proximate cause grounds as well. (*Id.* at 20.) The court noted that there were many similar cases currently being litigated against the defendant and other pain pump manufacturers and observed that, in four other cases, three had found for the manufacturer at the summary judgment stage and one concluded that summary judgment was not appropriate. (*Id.* at 14-15.) One of the cases that found for the defendant/manufacturer was *Krumpelbeck v. Breg*, Case No. 1:09-00091 (S.D. Ohio Dec. 27, 2010). (*Id.*) On February 2, 2011, the plaintiff filed the pending Motion to Alter or Amend.

## ANALYSIS

**I.     Standard of Review**

Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The district court may grant a motion to alter or amend (or reconsider) a judgment under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in controlling law; (2) newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. *Abnet v. Unifab Corp.*, 2009 WL 232998, *3 (6th Cir. Feb. 3, 2009).

In discussing the movant's substantial burden under Rule 59(e), the Sixth Circuit has held that a "motion under Rule 59(e) must either clearly establish a manifest error of law or must

2

present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (internal quotation omitted). The Rule 59(e) vehicle does not exist to provide the movant with a second opportunity to make its previous argument, that is, a Rule 59(e) motion "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

In light of the "narrow purposes" of the motion and the judicial system's interests in the finality of judgments and in the conservation of judicial resources, Rule 59(e) motions "typically are denied." *Miller v. Bell*, 655 F. Supp.2d 838, 844 (E.D. Tenn. 2009)(internal quotation omitted). Here, the plaintiff seeks reconsideration, claiming that the court made a "clear error" of law that will cause "manifest injustice." (Docket No. 187 at 3.)

## II.     Motion to Alter or Amend

The plaintiff's argument is grounded in the fact that, on January 20, 2011, a district court in the Southern District of Ohio issued an opinion in another "pain pump manufacturer" case, which denied the manufacturer's motion for summary judgment. (*Id.* at 2-3 citing *Hamilton v. Breg,* Case No. 2:09-00146). The *Hamilton* court held that, if the "jury accepts the testimony of plaintiffs' experts, plaintiffs could prevail on their claim that defendant's product was defective due to inadequate warning" and defective design. (Docket No. 187 Ex. 2 at 11.) The plaintiff then notes that *Krumpelbeck* (cited above) was also from the Southern District of Ohio. (Docket No. 187 at 2.) The plaintiff concludes "if two judges within the same federal district applying the same substantive law to substantially identical facts can differ regarding whether the risk of chondrolysis was knowable in 2005, reasonable jurors can differ on that issue as well." (*Id.*)

The plaintiff spends the reminder of his brief noting the similarities between the proposed

3

expert testimony in *Hamilton* and in this case. For instance, (1) the plaintiff's biomedical engineering expert, Dr. Yadin David, planned to offer similar testimony to one of plaintiff's experts in *Hamilton* regarding the defendant's failure to act as a reasonably prudent medical device manufacturer and (2) the plaintiff's general causation expert in both cases intended to offer testimony that the risk of chondrolysis was knowable at the time of the plaintiff's surgery and should have been discovered by reasonable medical device manufacturers. (*Id.* at 4-8.) This testimony, the plaintiff maintains, would naturally demonstrate that the defendant should have warned about the risk of chondrolysis, and, therefore, a reasonable jury could conclude that the defendant's failure to warn of the known risk was the proximate cause of the plaintiff's injuries. (*Id.* at 8.)

The plaintiff's motion is not persuasive. First, the underlying premise – that because district courts have disagreed on the propriety of summary judgment in this type of case, summary judgment must be inappropriate here – is clearly incorrect. It should be apparent to the plaintiff and especially plaintiff's counsel that courts, while applying the same legal standard in similar cases, may, based on their independent review of the record, come out with differing conclusions. The fact that another district court reached a different result in a similar case does not mean that that court was "right" and this court was "wrong" in rendering its summary judgment decision.

Second, the plaintiff's motion is entirely divorced from the Rule 59(e) standard. For instance, the "expert comparison" section of the brief largely presents an opportunity for the plaintiff to re-argue the merits of this case, something that is not appropriate at the Rule 59(e) stage. The plaintiff's attempt to tie his motion to Rule 59(e) through the use of the terms "clear

4

error" and "manifest injustice" to describe the consequences of this court's not reversing itself in response to a non-controlling decision from another district court is superficial and misplaced.

Finally, the *Hamilton* decision does not shed new light on this issue or suggest that the court might have mistakenly overlooked a key issue or ignored a key fact.[2] Rather, *Hamilton* is a 12-page opinion, most of which is consumed with sorting out expert issues and stating the relevant law and facts. (Docket No. 187 Ex. 2 at 1-7, 8-10.) The *Hamilton* court determined that, if the jury could find a breach of duty on the manufacturer's part, it would be based on a failure to test the pumps for the risk of chondrolysis. (*Id.* at 8.) After recounting the expert's proposed testimony, the court simply concluded that "if the jury accepts the testimony of plaintiffs' experts, plaintiffs could prevail on their claim(s)" of inadequate warning and defective design. (*Id.* at 11-12.)

Here, the court explored the "duty to test" under Tennessee law and found no such duty under the facts of this case. (Docket No. 183 at 17-18.) The fact that another district court, considering another state's law, reached a contrary conclusion with relatively limited analysis

---

[2]After filing his motion, the plaintiff filed notice of the *Monroe v. Zimmer U.S. Inc.*, Case No. 08-2944 (E.D. Cal. Feb. 14, 2010) decision. As here, the court in *Monroe* determined that the defendant manufacturer was entitled to summary judgment on the issue of whether it "should have known of a risk of chondrolysis based on existing scientific literature" at the time that the pain pump was distributed. (Docket No. 189 Ex. 1 at 51.) However, the court determined that summary judgment was not appropriate on the issue of whether the defendant should have determined the risk through "extensive testing." (*Id.*) As noted below, this court explored the "duty to test" argument (under Tennessee law) and determined that no such duty could be reasonably found here. (Docket No. 183 at 17- 18.) It is also worth noting that the plaintiff in *Monroe* had her surgery in mid-2007, whereas the plaintiff had his surgery in late 2004. (Docket No. 189 Ex. 1 at 4-5; Docket No. 183 at 2.) As discussed in the Memorandum, the state of expert understanding (or the "knowability") of the risk of cartilage damage from pain pump use had advanced considerably between 2004 and 2007. (Docket No. 183 at 8-10.)

5

does not demonstrate a "clear error" or "manifest injustice" on any conceivable definition of the term. Therefore, the plaintiff's Motion to Alter or Amend Judgment (Docket No. 186) is **DENIED.** Also, the plaintiff's Motion for Leave (Docket No. 191) to file a reply brief in support of his motion is **DENIED**.

It is so ordered.

Enter this 17th day of February 2011.

ALETA A. TRAUGER
United States District Judge